UNITED STATES DISTRICT COURT
THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| MICHAEL WALSH, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> Vs. <br><br> CAROLINA FIRST BANK, MERCANTILE BANK AND THE SOUTH FINANCIAL GROUP, INC. <br><br> Defendants | Case No: 9:10-CV-2123-SB <br><br> <u>CLASS ACTION COMPLAINT</u> <br><br> <u>JURY TRIAL DEMANDED</u> |

Plaintiff Michael Walsh, on behalf of himself and others similarly situated brings this class action complaint against The South Financial Group, Inc., ("South Group") and its affiliates Carolina First Bank and Mercantile Bank. Plaintiff's allegations are based upon, among other things, his own acts, the acts of representatives of South Group and information and belief obtained by his own inquiry, investigation by his attorneys, review of the applicable provisions of the Internal Revenue Code, and (2) review of documents and statements issued by South Group. Plaintiff- believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

1

NATURE OF THE ACTION.

1.      This is a class action against The South Group, and its subsidiaries Carolina First Bank and Mercantile Bank, for violation of the Internal Revenue Code, negligence, gross negligence and unfair trade practices.   Each of the allegations and claims are based upon Carolina First's issuance of 1099's which reflect an improperly inflated "debt forgiven."  Specifically, South Group, through Carolina First and Mercantile Bank, have issued to Plaintiff, and upon information and belief issued to all other similarly situated persons, 1099's which are improperly inflated as a matter of the South Group's "company policy", thereby improperly, unlawfully and in violation of applicable IRC regulations imputing revenue to Plaintiff.

2.      Plaintiff-, on his own behalf and on behalf of others similarly situated, seek to recover compensatory damages in the amount of tax liability for the improperly inflated and imputed income.  Plaintiff also seeks an injunction ordering cessation of the offending conduct (i.e. the issuance of improperly inflated 1099's), issuance of revised 1099's with full recompense for penalties and costs of re-filing and for disgorgement of any revenue or profits received from such conduct.

JURISDICTION AND VENUE

3.      This Court has jurisdiction over this class action pursuant to 28 U.S.C.A. Section 1331, in that Plaintiff brings a cause of action pursuant to Title 26 Subsection F, Chapter 76 Section 7434 of the Internal Revenue Code (hereinafter "Section 7434") and the this Court has supplemental jurisdiction over the remaining claims set forth herein 28 U.S.C. §1367.

4.     This Court has personal jurisdiction because the Plaintiff submits himself to the jurisdiction of this Court and the Defendants Carolina First and The South Financial Group systematically and continually conduct business in the District of South Carolina.

5.     Venue is proper because the Defendants are incorporated in this District, conduct substantial business in this district and because certain violations affecting Class Members residing in South Carolina occurred in this District.

Parties

6.     Plaintiff Michael Walsh is a resident of the State of South Carolina who received a 1099-C from the Defendants which intentionally and improperly overstated the "debt forgiven" in Box 2 of the Form 1099-C.

7.     Defendant The South Financial Group is a South Carolina Corporation with its principal place of business in Greenville, South Carolina, which is the holding company that operates Carolina First Bank in North Carolina and South Carolina and Mercantile Bank in Florida.

8.     Defendant Carolina First Bank is a South Carolina Corporation that maintains a principal place of business in Greenville, South Carolina. Carolina First is a bank which operates 110 banking offices in South Carolina and North Carolina, and which issued improperly inflated 1099's in accordance with the South Group's policies and instructions.

9.     Defendant Mercantile Bank is the name under which Carolina First Bank operates in Florida and upon information and belief based on South Group's policies and instructions issued improperly inflated 1099's.

10.    Upon information and belief, as a result of the recent economic downturn, Carolina First and Mercantile Bank have issued hundreds, if not thousands of Form 1099's in North Carolina,

South Carolina and Florida and upon further information and belief, as a matter of "company policy" the Defendants have improperly inflated the amount shown as "debt forgiven."

11.     Upon information and belief, and after inquiry, the South Group controls and directs Carolina First and the Mercantile Bank in the methodology used for the preparation of 1099's. Pursuant to such control, direction and methodology as implemented by the South Group, the 1099's are issued in a way that willfully, improperly and illegally after either a loan workout that involves debt forgiveness, foreclosure or repossession, inflates the amount of the "debt forgiven" using a methodology that reduces the value of the collateral by 30% and thus resulting in a corresponding increase in the income attributed to the Plaintiff and those similarly situated.

12.     Upon information and belief, the South Group and its subsidiaries willfully and consciously employ this practice in preparing 1099's in order to allow them to improperly inflate the "debt forgiven," shifting the tax burden to the Plaintiff and those similarly situated.

## CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this action on his own behalf and on behalf of other similarly situated individuals who received a 1099s from Carolina First Bank and or Mercantile Bank on which the "debt forgiven" has been improperly and unlawfully inflated and such inflated amount has been reported to the Internal Revenue Service during the time period from the date of the filing of this complaint and the previous six years.

14.     This action is properly maintainable as a class action.

15.     The class is so numerous that joinder of all members is impracticable.

16.     The number and identities of the borrowers who have received Form 1099's from the Defendants can be easily determined from the records maintained by the Defendants.  The disposition of their claims in a class action will be of benefit to the parties and the Courts.

4

17.  A class action is superior to other methods for the fair and efficient adjudications of the claims herein asserted, and no unusual difficulties are likely to be encountered in the management of this action as a class action.  The likelihood of individual class members prosecuting separate claims is remote.

18.  There is a well defined community of interest in the questions of law and fact involved affecting the members of the class.  Among the questions of law and fact which are common to the Class and which predominate over questions affecting individual class member are, inter alia:

   a) Whether the Defendants improperly inflated the "debt forgiven" ;

   b) Whether the improper inflation of the "debt forgiven" is willful, negligent or grossly negligent since it violates the applicable standards of law and equity;

   c) Whether and to what extent the members of the Class have been damaged by Defendants' improper and illegal inflation of the "debt forgiven."

   d) Whether and to what extent the Defendants have been unjustly enriched and as such should be required to disgorge such unjustly obtained enrichment.

19.   Plaintiff is a member of the class and is committed to prosecuting this action.  Plaintiff has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class in that he is seeking compensatory damages for Defendants' improper inflation of the "debt forgiven" which has resulted in an improper imputation of income to the Plaintiff and all others similarly situated, which is identical to the claims which could and would be asserted by individual Class Members.  The motives and gains obtained by the Defendants which form the basis for the treatment of Plaintiffs and those similarly situated are identical.

20. This action satisfies the requirements for maintaining a class action under Federal Rule of Civil Procedure 23(b)(1). Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendants, or could as a practical matter be dispositive of interests of the other class members or substantially impair or impede their ability to protect their interests. The prosecution of separate actions by individual members of the class could lead to inconsistent results with respect to other members of the class since the 1099s exacted by the Defendants are either legal or illegal as to all Plaintiff and class members. For the same reason, an adjudication with respect to Plaintiff would, as a practical matter, be dispositive of the interests of the members of the class. A decision that the Defendants violated federal laws would require Defendants to take uniform remedial action. An individual suit by each purported class member to redress the wrong common to all of them would be contrary to the spirit and intent of Rule 23.

21 In addition to certification under Rule 23(b)(1), and in the alternative, Plaintiff seeks certification under Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class. Defendants illegally sent improper 1099s to all members of the purported class based on a companywide policy.  Accordingly, injunctive and declaratory relief with respect to the whole class is appropriate. 22.    The likelihood of individual Class members prosecuting separate individual actions is remote due to the relatively small loss suffered by each Class Member as compared to the burden and expense of prosecuting litigation of this magnitude.  Absent a class action, Defendants are likely to avoid liability for their wrongdoing and Class members are unlikely to obtain redress for the wrongs done.

6

19.     Adjudication of this case on a class-wide basis is manageable by this Court. The standard Form 1099 issued to Plaintiff and others similarly situated and its properties are the same or so similar so as to be legally and factually indistinguishable in many respects, and the laws to be applied to the Plaintiff's claims are largely identical or can otherwise be grouped into a small number of subsets based on any variations deemed to be relevant to the Court. As a result it will not be difficult for the Court or jury to determine whether the Defendants have breached their duties to the Plaintiffs for each of the members of the class. This Court is an appropriate forum for this dispute.

SUBSTANTIVE ALLEGATIONS

20.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as though fully set forth herein.

21.     Plaintiffs Walsh executed a Promissory Note to Carolina First Bank on September 20, 2006 which was secured by a mortgage on real property known as Lot 31 Shearwater Plantation, Hilton Head Island, South Carolina.

22.     Plaintiffs Walsh were put into default by Carolina First Bank and upon negotiation, agreed to surrender the property to Carolina First Bank in lieu of foreclosure. As of March 25, 2009, Plaintiffs Walsh loan balance according to Carolina First Bank was Two Hundred Twenty Thousand Five Hundred ($220,500) Dollars.

23.     Plaintiffs Walsh and Carolina First Bank executed a Loan Work Out Agreement ("Agreement") wherein Carolina First Bank agreed to accept the property together with a payment in the amount of Forty Five Thousand and No/100 ($45,000.00) dollars. The fair market value of the Property was agreed to be $175,000. Therefore the amount of debt forgiven was $500 (220,500 – 175,000 – 45,000).

24.     Defendant Carolina First was required to comply with the requirements of any State and Federal statutes and/or regulations pertaining to the reporting of this transaction.

25.     Carolina First Bank was required to report the account as settled in full or paid in full to all credit reporting agencies and said agencies would remove all late markers on the account.

26.     Plaintiff Walsh performed as required by the Agreement delivering the deed and funds to Carolina First Bank. In turn Carolina First Bank issued a 1099-C incorrectly showing the amount of debt cancelled to be $53,000.00.  Furthermore, the 1099-C incorrectly states the fair market value of the property.

27.     Upon inquiry by Plaintiff, Plaintiff was informed that it is the policy of South Group and its affiliates (i.e. Carolina First and Mercantile Bank) to calculate the debt forgiven ratio in a manner that results in a grossly inflated "debt forgiven" reflected on 1099-C forms issued.

## COUNT I

Action for Civil Damages Pursuant to IRC Sec. 7434

28.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as though fully set forth herein.

29.     The Defendants in this matter have willfully filed a fraudulent information return in the preparation and issuance of the 1099's issued to the Plaintiff and others similarly situated.

30.     In addition to the relief prayed for above, and in accordance with IRC Section 7434 the Plaintiff and all others similarly situated are entitled to damages in the amount of the greater of $5,000 or the actual damages sustained by the Plaintiffs and other similarly situated as a proximate result of the filing of the fraudulent information, the costs of this action and an award of attorneys fees as determined in the discretion of the Court.

## COUNT II

## Negligence and Gross Negligence

31. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as though fully set forth herein.

32. Plaintiff and other members of the Class entered into transactions with Defendants in which a portion of the debt owed by Plaintiffs to Defendants, as secured by Mortgages and documented in Promissory Notes, was forgiven.

33. Defendants owed a duty of care to Plaintiff and the proposed class and were obligated to accurately prepare 1099s using the actual figures of the "debt forgiven" in accordance with all appropriate IRS regulations.

34. Defendants breached that duty of care by negligently inflating the amount of the "debt forgiven", thus creating an improper imputation of income on Plaintiff and the proposed class which will be taxed by the IRS. Furthermore, Defendant has negligently stated the fair market value of the property.

35. Plaintiff and the proposed class have been damaged by these negligent acts in that the IRS will rely on the inflated and/or incorrect figures in calculation of their taxes due causing Plaintiff and the proposed class to potentially pay more in taxes or receive less in refunds.

36. The acts of the Defendants are willful, wanton and violate the applicable IRS instructions and are so recklessly done so as to constitute gross negligence and therefore entitle the Plaintiffs and those similarly situated to an award of punitive damages.

## COUNT III

## Unjust Enrichment

37. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as though fully set forth herein.

38    By generating a Form 1099's with an inflated "amount of debt canceled" number, Defendants were able to show an inflated "debt forgiveness" thereby improving their balance sheet.

39.    As a result of the acts alleged above, Defendants have been and will be unjustly enriched at the expense of Plaintiffs and the Class.

40.    Defendants should be disgorged of any and all unjust enrichment.

## COUNT IV

### Breach of Fiduciary Duty of Good Faith and Fair Dealing

41.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as though fully set forth herein.

42.    Defendants had a duty of good faith and fair dealing that is implied and explicitly stated in its Agreement with Plaintiff and the proposed class, including the duty to "comply with the requirements of any State and Federal statutes and/or regulations pertaining to the reporting of this transaction".

43.    Defendants breached its duty of good faith and fair dealing by knowingly inflating the amount of the actual debt forgiven and issuing incorrect 1099 forms to Plaintiff and the proposed class.

44.    As a result of Defendants breach, Plaintiff and other members of the Class have been damaged in an amount equal to any and all costs, fees and expenses, including attorneys' fees, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

(a) Declaring that this lawsuit is properly maintainable as a class action and certifying Plaintiff as the representative of the Class;

(b) In accordance with IRC Section 7434, awarding Plaintiff and the Class damages, their costs and disbursements and reasonable allowances for Plaintiff's counsel and experts' fees and expenses; and

(c) Awarding actual and punitive damages against Carolina First Bank, Mercantile Bank and The South Financial Group, Inc., for being negligent and grossly negligent in its dealings with the Plaintiffs and the members of the Class; and

(d) Finding that Carolina First Bank and The South Financial Group, Inc. were unjustly enriched as a result of its conduct vis' a vis' Plaintiff and the members of the Class, and that ordering that Carolina First Bank, Mercantile Bank and The South Financial Group, Inc. should be required to disgorge all such unjust enrichment violated their duty of good faith and fair dealing towards Plaintiff and the Class.

(e) Awarding damages against Carolina First Bank and The South Financial Group, Inc., in an amount to be determined at trial, together with prejudgment interest at the maximum rate allowable by law;

(f) Permanently enjoining and restraining Carolina First Bank, Mercantile Bank and The South Financial Group, Inc. directly or indirectly, through its sub-servicers, warehouse lenders, wholesale lenders, retail lenders, document custodians, settlement agents, title companies, insurers and investors and others from preparing 1099 forms with inflated or incorrect values stated.

(g) Granting such other and further relief as may be just and proper.

                                              LEWIS & BABCOCK, L.L.P.

                                              <u>/s/ Peter D. Protopapas</u>
                                              Peter D. Protopapas
                                              Fed. Bar # 7700
                                              Lewis and Babcock, LLP
                                              Post Office Box 11208
                                              Columbia, SC 29211

                                              Gregory M. Alford
                                              S.C. Bar # 6932
                                              Post Office Drawer 8008
                                              Hilton Head Island, SC 29938
                                              (843) 842-5500

                                              Thomas E. Williams, Esq.,
                                              Federal Bar # 5302
                                              Post Office Box 6003
                                              Hilton Head Island, SC 29938

Columbia, South Carolina
August 13, 2010